Renee Choy Ohlendorf (SBN 263939)
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant GC Services, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| Matt Jenkins,<br><br>        Plaintiff,<br><br>   vs.<br><br>GC Services, LP and DOES 1-10, inclusive,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Removal Filed: |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** pursuant to the provisions of 28 U.S.C., sections 1441(a) and 1446, Defendant GC SERVICES LP ("Defendant") hereby removes to this Court the state action currently pending in the Los Angeles County Superior Court of California, described more fully below:

    1.    On July 16, 2014, a civil action was commenced in the Superior Court of the State of California, in and for the County of Los Angeles, entitled *Matt Jenkins v. GC Services, LP*, and pending under Case No. VC064133.

    2.    In light of the pendency in Los Angeles County, the United States District Court for the Central District of California, Western Division is the proper forum for removal pursuant to 28 U.S.C. §§84(c)(2) and 1441(a).

31552479v1 0961566

3.    The Complaint asserts a federal cause of action against Defendant for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* and violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, and may be removed to this Court pursuant to 28 U.S.C. §1446(b) because it invokes federal question jurisdiction.  Pursuant to 28 U.S.C. 1367(a) and 1441(c), this Court may exercise supplemental jurisdiction over the remaining claims for purported violation of the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788 *et seq., California Penal Code* §632.7, and intrusion upon seclusion,

4.    On July 18, 2014, Plaintiff attempted to effectuate service upon by sending to Defendant via certified mail a copy of the Summons, Complaint, Civil Case Cover Sheet, Plaintiff's Request to Waive Court Fees, Notice of Case Management Conference, Notice of Assignment to Master Calendar, Notice to Litigants regarding California Rules of Court, Notice regarding Tentative Orders, and Notice and Acknowledge of Receipt of Summons, true and correct copies of which are collectively attached hereto as **Exhibit A** and incorporated herein by this reference.  The aforementioned documents constitute true and correct copies of all process, pleadings and orders attempted to be served upon Defendant.

5.    It appears Plaintiff attempted to effectuate service upon Defendant pursuant to *California Code of Civil Procedure* §415.30, which applies only to in-state defendants.

6.    Defendant is domiciled in Houston, Texas, where its principal place of business is located.  Defendant did not execute or return the Notice and Acknowledgement of Receipt of Summons.  Defendant has not been served in any other manner as of the date of this filing.

7.    Pursuant to *California Code of Civil Procedure* §415.40, service upon an out-of-state defendant by first-class mail with return receipt requested is

31552479v1 0961566

1  completed on the 10th day after mailing.   Thus, service upon Defendant was
2  completed on July 28, 2014.

3       6.     This Notice was filed with the Clerk of the United States District Court
4  within thirty (30) days after service of the Complaint was effectuated upon
5  Defendant.  It is therefore timely under 28 U.S.C. §1446(b).

6
7
8  DATED:  August 27, 2014              HINSHAW & CULBERTSON LLP
9
10               By: */s/ Renee C. Ohlendorf*
11                    Renee Choy Ohlendorf
                  Attorneys for Defendant GC Services, LP
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>GC SERVICES LP ; and DOES 1-10 inclusive<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MATT JENKINS | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 16 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Adrienne Robledo, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>12720 Norwalk Blvd.<br>Norwalk, CA 90650 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>**VC064133** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matt Jenkins, 14833 Mansa Dr.La Mirada, CA. 90638, 213 304-5700

SHERRI R. CARTER

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | JUL 16 2014 | Clerk, by  A. Robledo<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* GC SERVICES LP

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   
           ☑ other *(specify):* LIMITED PARTNERSHIP

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matt Jenkins<br>14833 Mansa Dr.<br>La Mirada Ca 90638 | |

TELEPHONE NO.: 213 304 5700     FAX NO.:

ATTORNEY FOR *(Name):* pro se

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk, 90650
BRANCH NAME: Norwalk Courthouse

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JUL 16 2014**

Sherri R. Carter, Executive Officer/Clerk
By Adrienne Robledo, Deputy

CASE NAME:
Matt Jenkins v. GC Services LP

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | VC064133 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
✓ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/16/14   Matt Jenkins
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Matt Jenkins v. GC Services, LP | CASE NUMBER VC064133 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2-4   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Matt Jenkins v. GC Services, LP | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Matt Jenkins v. GC Services, LP | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Matt Jenkins v. GC Services, LP | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. □2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: 14833 Mansa Dr. |
|---|---|
| CITY:<br>La Mirada | STATE:<br>CA | ZIP CODE:<br>90638 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Norwalk___ courthouse in the ___Southeast___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___7/16/14___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# FW-001    Request to Waive Court Fees

**CONFIDENTIAL**

Clerk stamps date here when form is filed.

~~ORIGINAL FILED~~
Superior Court of California
County of Los Angeles

**JUL 16 2014**

Sherri R. Carter, Executive Officer/Clerk

By ~~Adriana Rebledo~~ Deputy

If you are getting public benefits, are a low-income person, or do not have enough money to pay for household's basic needs and your court fees, you may use this form to ask the court to waive all or part of your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

Superior Court of California, County of
Los Angeles- Norwalk Courthouse
12720 Norwalk Blvd.
Norwalk, CA 90650

**(1)** **Your Information** *(person asking the court to waive the fees):*
Name: Matt Jenkins
Street or mailing address: 14833 Mansa Dr.
City: La Mirada     State: ca   Zip: 90638
Phone number: 213 304 5700

*Fill in case number and name:*

**Case Number:**

## VC064133

**Case Name:**
Matt Jenkins v. GC Services LP

**(2)** **Your Job,** if you have one *(job title)*: NA
Name of employer: _____
Employer's address: _____

**(3)** **Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
NA
_____
a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):* Yes ☐ No ☐
b. *(If yes, your lawyer must sign here)* Lawyer's signature: _____
    *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4)** **What court's fees or costs are you asking to be waived?**
☒ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5)** **Why are you asking the court to waive your court fees?**
a. ☒ I receive *(check all that apply):* ☒ Medi-Cal ☒ Food Stamps ☐ SSI ☐ SSP ☐ County Relief/General Assistance ☐ IHSS (In-Home Supportive Services) ☐ CalWORKS or Tribal TANF (Tribal Temporary Assistance for Needy Families) ☐ CAPI (Cash Assistance Program for Aged, Blind and Disabled)
b. ☐ My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | *If more than 6 people at home, add $422.92 for each extra person.* |
|---|---|---|---|---|---|---|
| 1 | $1,215.63 | 3 | $2,061.46 | 5 | $2,907.30 | |
| 2 | $1,638.55 | 4 | $2,484.38 | 6 | $3,330.21 | |

c. ☐ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to *(check one):* ☐ waive all court fees ☐ waive some of the court fees ☐ let me make payments over time *(Explain):* _____ *(If you check 5c, you must fill out page 2.)*

**(6)** ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
*(If your previous request is reasonably available, please attach it to this form and check here:)* ☐

I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.
Date: 7/16/14
Matt Jenkins       ▶      *(signature)*
*Print your name here*          *Sign here*

Judicial Council of California, www.courts.ca.gov
Revised February 20, 2014, Mandatory Form
Government Code, § 68633 Cal. Rules of Court,
rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**      FW-001, Page 1 of 2



Your name: Matt Jenkins

Case Number:

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**(7)** ☐ Check here if your income changes a lot from month to month. Fill out below based on your average income for the past 12 months.

**(8) Your Monthly Income**

a. Gross monthly income *(before deductions):*   $_____
   List each payroll deduction and amount below:
   (1) _____   $_____
   (2) _____   $_____
   (3) _____   $_____
   (4) _____   $_____

b. Total deductions (add 8a (1)-(4) above):   $_____

c. Total monthly take-home pay (8a minus 8b):   $_____

d. List the source and amount of *any* other income you get each month, including: spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.
   (1) _____   $_____
   (2) _____   $_____
   (3) _____   $_____
   (4) _____   $_____

e. Your total monthly income is (8c plus 8d):   $_____

**(9) Household Income**

a. List all other persons living in your home and their income; include only your spouse and all individuals who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
|------|-----|-------------|----------------------|
| (1) | | | $_____ |
| (2) | | | $_____ |
| (3) | | | $_____ |
| (4) | | | $_____ |

b. Total monthly income of persons above:   $_____

**Total monthly income *and* household income (8e plus 9b):**   $_____

To list any other facts you want the court to know, such as unusual medical expenses, family emergencies, etc., attach form MC-025. Or attach a sheet of paper, and write Financial Information and your name and case number at the top. Check here if you attach another page. ☐

*Important!* If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.

**(10) Your Money and Property**

a. Cash   $_____

b. All financial accounts *(List bank name and amount):*
   (1) _____   $_____
   (2) _____   $_____
   (3) _____   $_____
   (4) _____   $_____

c. Cars, boats, and other vehicles

| Make / Year | Fair Market Value | How Much You Still Owe |
|-------------|-------------------|------------------------|
| (1) | $_____ | $_____ |
| (2) | $_____ | $_____ |
| (3) | $_____ | $_____ |

d. Real estate

| Address | Fair Market Value | How Much You Still Owe |
|---------|-------------------|------------------------|
| (1) | $_____ | $_____ |
| (2) | $_____ | $_____ |
| (3) | $_____ | $_____ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| Describe | Fair Market Value | How Much You Still Owe |
|----------|-------------------|------------------------|
| (1) | $_____ | $_____ |
| (2) | $_____ | $_____ |
| (3) | $_____ | $_____ |

**(11) Your Monthly Expenses**
*(Do not include payroll deductions you already listed in 8b.)*

a. Rent or house payment & maintenance   $_____
b. Food and household supplies   $_____
c. Utilities and telephone   $_____
d. Clothing   $_____
e. Laundry and cleaning   $_____
f. Medical and dental expenses   $_____
g. Insurance (life, health, accident, etc.)   $_____
h. School, child care   $_____
i. Child, spousal support (another marriage)   $_____
j. Transportation, gas, auto repair and insurance   $_____
k. Installment payments (list each below):
   Paid to:
   (1) _____   $_____
   (2) _____   $_____
   (3) _____   $_____
l. Wages/earnings withheld by court order   $_____
m. Any other monthly expenses *(list each below).*
   Paid to:                                    How Much?
   (1) _____   $_____
   (2) _____   $_____
   (3) _____   $_____

**Total monthly expenses (add 11a –11m above):**   $_____

**Request to Waive Court Fees**

Matt Jenkins
14833 Mansa Dr.
La Mirada CA. 90638
Phone: 213 304-5700
shephard68@yahoo.com

*Pro Se*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 16 2014

Sherri R. Carter, Executive Officer/Clerk
By Adrienne Robledo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION
Amount demanded exceeds $10,000

## VC064133

| | |
|---|---|
| Matt Jenkins | Case No.:_____ |
|       Plaintiff, | |
|   vs. | |
| GC Services, LP; and DOES 1-10, inclusive | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.* INTRUSION OF SECLUSION, VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION ACT, THE ROSENTHAL FAIR DEBT COLLECTION ACT AND FOR VIOLATIONS OF CA. PENAL CODE § 632 *et seq.* |
|       Defendants. | |
| | JURY TRIAL DEMANDED |

## I. INTRODUCTION

This is an action for damages brought by an individual for Defendant's violations of the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, *et. seq.*; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, *et. seq.*; the Rosenthal Fair Debt Collection Practices Act (hereinafter, "RFDCPA") as found in Cal Civ Code §1788, *et seq.*, California Penal Code 632 *et seq.* and Intrusion of Seclusion.

## II. PARTIES

1.  Matt Jenkins (hereinafter, "Plaintiff") is a natural person residing in Los Angeles County in the State of California and is a consumer and/or a person as defined by the FDCPA and the RFDCPA.

2.  At all times relevant herein, DEFENDANT, GC Services LP, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting debts from consumers as defined by the FDCPA and the RFDCPA.

3.  Does 1-10 (the "Creditor(s)") is an unknown Creditor(s) who employed the Defendant to collect on their behalf and whose identity is currently unknown to the Plaintiff. One or more Creditor(s) may be joined as parties once their identities are disclosed through discovery.

## III. FACTUAL ALLEGATIONS

4.  A financial obligation (the "Debt") was allegedly incurred to an original Creditor.

5.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under the FDCPA and the RFDCPA.

6.  The Debt was purchased, assigned or transferred to Defendant for collection or the Defendant was employed by the Creditor to collect the Debt.

7.  The Defendant attempted to collect the Debt and , as such, engaged in "communications" as defined in the FDCPA and the RFDCPA.

8.  On or about July 1, 2013, thru August 31, 2013, the Defendant placed telephone calls to the Plaintiffs cellular telephone, (213) 304-5700, using an automatic telephone dialing system or an artificial or prerecorded voice.

9.  The Defendant did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cellular telephone (213) 304-5700.

10.  The Defendant did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

11.  The Defendant placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an automatic telephone dialing system or an artificial or prerecorded voice.

12.     During some of the subject telephone calls, the Plaintiff listened to a prerecorded or artificial greeting requesting that he stay on the line until the call could be transferred to the Defendant's next available agent.

13.     During some of the subject telephone calls, the Plaintiff listened to dead air before the Defendant's automatic telephone dialing system disconnected the call.

14.     During some of the subject telephone calls, the Plaintiff listened to a delayed pause before the telephone call was transferred to the Defendant's agent.

15.     The calls placed by Defendant were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendants' calls utilized interactive voice recognition technology, also known as a predictive dialer, through which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendants. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

16.     The Plaintiff prepays for his cellular telephone minutes from a "bucket of minutes" cell phone plan. The Defendant, by placing the subject telephone calls to the Plaintiff's telephone, caused him to exhaust minutes from his cell phone plan, thereby forcing him to incur costs directly attributable to the subject telephone calls.

17.     During the subject time frame, the Plaintiff communicated to the Defendant to cease placing telephone calls to the Plaintiff's cellular telephone.

18.     Upon information and belief, the Defendant monitored, eavesdropped or recorded the conversations between the Plaintiff and themselves without the Plaintiff's knowledge or consent.

19.     After previously requesting that the Defendant cease placing calls to the Plaintiff's cellular telephone , the Defendant still continued to place calls to the Plaintiff's cell phone with an automatic telephone dialing system or an artificial or prerecorded voice for the purpose of harassment.

20.     Upon information and belief, the Defendant was attempting to collect a consumer debt from a third-party who was not the Plaintiff.

21.     Upon information and belief, the Defendant acquired the Plaintiff's telephone number

thru their own skip-tracing efforts in an attempt to reach the third-party or acquire information regarding the third-party.

22.   Plaintiff owes no debt to Defendant or their client and has no business relationship with Defendant or their client.

23.   Upon information and belief, Defendant was placing calls on behalf of third party creditor and at all times, was acting on creditor's behalf.

24.   During the subject time frame, the Defendant caused messages to be left on the Plaintiff's cellular telephone, without identifying who the communication was from and that the communications were from a debt collector.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TCPA

25.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

26.   Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

27.   Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

28.   The TCPA is a strict liability statute.

29.   The Defendant placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

30.   Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation for the Defendant's willful or knowing violation of the statute.

31.   Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA

Complaint-4

32.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

33.    Defendants communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et seq. by:

a. causing charges to be made to the Plaintiff in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. §§ 1692f

b. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. §§ 1692f

c. placing phone calls without providing meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d

d. failing to disclose in communications that the communications were from a debt collector in violation of 15 U.S.C § 1692e

e. causing the Plaintiff's telephone to ring repeatedly with the intent to harass, annoy or abuse the Plaintiff in violation of 15 U.S.C. § 1692d

34.    As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE RFDCPA

35.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

36.    Defendant's willful and knowing failure to abide by the FDCPA by its act and practices is a violation of the Rosenthal Fair Debt Collection Act found in Ca. Civil Code 1788 *et seq.*

37.    As a result of Defendant's violations of the R.F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to Ca. C.C. §1788.30, statutory damages of up to $1000.00 per action pursuant to Ca. C.C. §1788.30 and reasonable attorney's fees and costs pursuant to Ca. C.C. §1788.30

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF CA. PENAL CODE § 632.7

Complaint-5

38.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

39.    Defendant's monitoring, eavesdropping or recording of the telephone conversations between the parties were done without the Plaintiff's knowledge or consent in violation of Ca. Penal Code § 632.7

40.    As a result of Defendant's violations of § 632.7., the Plaintiff is entitled to $ 5,000.00 per violation pursuant to § 637.2.

## FIFTH CAUSE OF ACTION
### INTRUSION OF SECLUSION

41.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42.    The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, " One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.

43.    California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated California state law.

44.    The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

45.    The telephone calls made by the Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, §652B requirement for an invasion of privacy.

46.    The conduct of the Defendant in engaging in illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

48.    All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1.    For $1500.00 per violation of the TCPA;

2.    For $1000.00 for violation of the FDCPA;

3.    For $1000.00 for violation of the RFDCPA;

4.    For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

5.    For an award of statutory damages of $ 5000.00 per violation of the Ca. Penal Code § 632.7;

6.    punitive damages;

6.    award such other and further relief as the Court deems just and proper under the circumstances

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

DATED: 7/16 , 2014

Matt Jenkins
14833 Mansa Dr.
La Mirada, CA. 90638
Phone: 213-304-5700
shephard68@yahoo.com

Complaint-7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

Reserved for Clerk's File Stamp

JUL 16 2014

John A. Clarke, Executive Officer/Clerk

By M. Ceballos, Deputy

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
12720 NORWALK BLVD NORWALK CA, 90650

PLAINTIFF:
MATT JENKINS

DEFENDANT:
GC SERVICES, LP

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER: **VC064133**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: **NOV 18 2014** 1:30 Dept: F

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.10, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: JUL 16 2014

Judicial Officer        *Margaret M. Bernal*

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____NORWALK_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

SHERRI R. CARTER, Executive/Officer Clerk

Dated: JUL 16 2014

By _____
Deputy Clerk        M. Ceballos

LACIV 132 (Rev. 3/14)
LASC Approved 10-03
For Optional Use

## NOTICE OF CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
Local Rules, Chapter Three



**The Superior Court**

12720 NORWALK BOULEVARD

NORWALK, CALIFORNIA 90650

CHAMBERS OF

MARGARET M. BERNAL

SUPERVISING JUDGE

TELEPHONE
(562) 807-7241

## TO ATTORNEY OF RECORD

Your case has been assigned to the Master Calendar Trial Delay Reduction Program in
Superior Court of California, County of Los Angeles, Southeast District.  It is your
responsibility as an attorney to immediately familiarize yourself with the detailed
provisions of the California Rules of Court re: Civil Case Management Rules as
amended August 14, 2009, and Chapter Three of the Los Angeles County Superior
Court Rules.  A reading of this notice does not relieve you of the responsibility to
become intimately familiar with the requirements of these rules.  The following critical
provisions are summarized for your assistance in avoiding rule violations, and the
imposition of sanctions.

## APPLICATION

The California Rules of Court re: Civil Case Management and Chapter Three of the
Los Angeles County Superior Court Rules apply to all civil cases filed in or transferred
into the Southeast District.

## TIME STANDARDS

Please refer to the NOTICE TO LITIGANTS which is attached for your convenience for
information related to Case Management, referenced in the California Rules of Court.

## CASE MANAGEMENT CONFERENCE

Notice of the Initial Case Management conference shall be served by the Clerk on the
plaintiff upon the filing of the complaint.  The Case Management Conference shall be
held on the first available court day following 150 days after the complaint is filed.
Plaintiff shall service Notice of Case Management Conference with the Summons and
Complaint or, if already served, within **10 days** of service of this notice or, if not a served
party, when the party appears in the action.  Failure of the plaintiff to give complete and
immediate notice which causes delay or continuance will result in sanctions.

No later than 15 calendar days before the date set for the Case Management
Conference, each party (individually or jointly) must file a Case Management
Conference Statement using the mandatory Judicial Council Form No. CM-110.
Failure to comply with said rules may result in the imposition of sanctions.

.....continued

- 2 -

## FINAL STATUS CONFERENCE

The Final Status Conference shall be set **ten days prior to the trial date.** All attorneys and parties in propria persona must appear at the Conference. Trial documents, as described in the Case Management Order are to be filed 5 days prior to the Final Status Conference.

## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal: (1) To comply with Master Calendar Rules; (2) To comply with any Order made hereunder; or (3) To meet the time standards and/or deadlines established herein. Such sanctions may include: (1) Dismissal of the Action; (2) Striking of a responsive pleading and entry of default; (3) Vacating a trial date with the possible consequence of dismissal under Code of Civil Procedures Sections 583.360 or 583.420; (4) Evidentiary and witness limitations, restrictions or exclusions; (5) Reasonable monetary sanctions; and/or (6) Other reasonable sanctions as authorized by Code of Civil Procedure Sections 128, 128.5, 177.5, 575.2, 583.150, 583.430, 2016-2036; Government Code Section 68609(d) and California Rules of Court 227. Such sanctions may be imposed on a party and/or if appropriate, on counsel for such party.

Hon. Margaret M. Bernal
Supervising Judge
Southeast District

# NOTICE TO LITIGANTS
# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

INFORMATION REGARDING CALIFORNIA RULES OF COURT

This brief synopsis is provided to inform litigants, attorneys, and the general public of changes to the California Rules of Court which affect the processing and filing of limited and unlimited civil cases (with the exception of Unlawful Detainers, Small Claim actions, complex civil cases, probate, guardianship, conservatorship, family law, juvenile court proceedings, and short cause cases).

The full extent of these changes can be found in the California Rules of Court.

**RULE 3.110  (Re Time for Service of Complaint, Cross-Complaint and Response)**
Complaints are to be served and proofs of service filed with the court <u>within 60 days after filing of the complaint</u>.

On amended complaints, the added defendant must be served and proof of service must be filed <u>within 30 days after filing of the complaint</u>.

A Cross-Complaint against a party who has already appeared in the action, <u>must be accompanied by proof of service of the cross-complaint at the time it is filed</u>.

The plaintiff <u>within 10 days</u> after the time for response has elapsed must file a Request for Entry of Default (to avoid sanctions), and must obtain a default judgment <u>within 45 days</u> after entry of default.

**RULE 3.220  (Re Case Cover Sheet)**
Required <u>in each</u> civil limited or unlimited action.

**RULE 3.722 (Re Case Management Conference;)  RULE 3.724 (Duty to Meet and Confer) and  RULE 3.728 (Case Management Order)**
A Case Management Review/Conference must be completed no later than 180 days from filing of the complaint.  The Los Angeles Superior Court will set said review/conference date 140 to 160 days from filing of the complaint.  Individual courts may set additional earlier status conferences.

Notice of the Case Management Review/Conference will be given to all parties <u>no later than 45 days</u> before the review/conference date.  If the court determines that appearances are not necessary at the Case Management Review/ Conference, the court may issue a Case Management Order and notify the parties that no appearance is necessary. <u>No later than 15 calendar days</u> before the date set for the Case Management Review/Conference, each party (individually or jointly) must file a Case Management Conference Statement using the mandatory Judicial Council Form No.CM-110.

Parties <u>must meet and confer</u> to consider the issues identified in Rules 3.724 and 3.727 no later than 30 calendar days before the date set for the initial Case Management Conference.  The court will issue a Case Management Order setting a schedule for subsequent CMC's and other proceedings, if necessary.

A.  **Service:**  Except as otherwise permitted by court order, within 60 days after filing the complaint, the plaintiff must 1) serve each defendant with the complaint; and 2) file a corresponding proof of service.  When filing a cross-complaint or amended pleading, the pleading party must also file a proof of service on all of the parties who previously appeared and, within 30 days,  a) serve each new party with the pleading, and b) file a corresponding proof of service.

B.  **Rules and Forms:**  All parties must abide by the state and local rules of court and use proper state and local forms.

C.  **All Case Management Conferences (CMC):**  Parties must file a completed Case Management Statement either individually or jointly, no later than 15 calendar days before the CMC.  Counsel for each party and each self-represented party must appear at the CMC.

D.  **Sanctions:** Parties and counsel who fail to comply with state or local rules of court will be subject to the imposition of sanctions. [CRC Rule 2.30]

### Sample Civil Case Time Schedule

| Day | Event | Comment |
|---|---|---|
| 1 | Complaint filed with Case Cover Sheet | Notice of Case Assignment issued by clerk. |
| 60 | Proof(s) of service filed with the court | Plaintiff must file the proof(s) of service or OSC may be set. |
| 70 | Plaintiff request entry of default of defendant. | Entry of default processed. |
| 110 | Parties to meet and confer. | Issues resolved. |
| 115 | Plaintiff Request Default Judgment | Default Judgment entered. |
| 125 | Deadline to File Case Management (CMC) Statement. | Parties to file individually or jointly. |
| 140 | Initial Case Management Conference. | Hearing held and necessary orders made. |

# *** ATTENTION ***

## TO ALL COUNSEL AND INTERESTED PARTIES

## COMMENCING JUNE 28, 2010
## TENTATIVE ORDERS WILL BE POSTED ON-LINE AT THE
## L.A. SUPERIOR COURT WEBSITE

### WWW.LASUPERIORCOURT.ORG

### DEPARTMENT SE-C LAW & MOTION
### PROCEDURES ARE NOW AS FOLLOWS:

**APPEARANCES:**
The Court will hear oral arguments on all matters at 8:30 a.m. If all counsel intend to submit on the Tentative Order and do not want oral argument, please advise the clerk, in Department "C", by calling (562-807-7245). If all sides submit on the Tentative Order and the clerk is so advised, the Tentative Order will become the final order of the court and the prevailing party shall give written Notice of Ruling per CRC 3.1312.

If the Moving and Responding parties do not agree to submit on the Tentative Order, the motion will be called as calendared for hearing. There is no need to contact Department "C", as the matter will remain on calendar for hearing.

If the Moving party does not call Department "C" to submit on the Tentative Order and there is no appearance by any party, then the motion(s), at the Court's discretion, may be taken off calendar without ruling on the motion(s).

**ORDERS:**
The minute order reflecting the Court's Order will constitute the final Order. No additional orders should be submitted to the Court for signature unless required by law or by the Court. Prevailing party shall give written Notice of Ruling per CRC 3.1312.

Minute orders, which constitute the final Order of the Court, will only be sent to the parties, via U.S. mail or facsimile, for the following: OSC re: sanctions, OSC re: contempt or matters taken under submission after oral arguments or briefing. Counsel or parties may request copies of all other minute orders/final orders either at the clerk's office or in writing. If a request is in writing, a self-addressed stamped envelope and the appropriate fee for copies shall be submitted.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matt Jenkins<br>14833 Mansa Dr.<br>La Mirada CA 90638<br><br>TELEPHONE NO.: 213 304 5700   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* shephard68@yahoo.com<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk, CA 90650
BRANCH NAME: Norwalk Courthouse

PLAINTIFF/PETITIONER: Matt Jenkins

DEFENDANT/RESPONDENT: GC Services LP;and DOES 1-10 inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>VC064133 |
|---|---|

TO *(insert name of party being served):* GC Services LP; and DOES 1-10 inclusive

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 18,2014

Dianna Jenkins
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Notice of Case Management Statement

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**
**Jenkins v. GC Services Limited Partnership**
**USDC Case No.:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On August 27, 2014, I served the document(s) entitled, **NOTICE OF REMOVAL** on the interested parties in this action:

Matt Jenkins
14833 Mansa Drive
La Mirada, CA 90638
Tel. (213) 304-5700
shephard68@yahoo.com
Pro Se

(BY MAIL): x enclosed a true and correct copy of the document in a sealed envelope addressed to the persons at the addresses listed on the attached SERVICE/MAILING LIST. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

(BY OVERNIGHT MAIL): I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses on the attached SERVICE/MAILING LIST. I placed the envelope or package for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

(BY E-MAIL OR ELECTRONIC TRANSMISSION): x Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic service addresses listed on the attached SERVICE/MAILING LIST.

(BY HAND DELIVERY): I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached SERVICE/MAILING LIST..
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2014 at Los Angeles, California.

Melanie Ingrid Davis

1
POS

31552479v1 0961566